WILLIAM LOOMIS and THOMAS G. TAYLOR, Plaintiffs in Error, *v.* JOSIAH FRANCIS, for the use of Charles R. Pierce, Defendant in Error.

### ERROR TO SANGAMON.

Upon an application to amend the record of judgment, by making a new party, such party when brought into court, should be ruled to plead, before he is adjudged. Nor should the judgment be entered *nunc pro tunc,* so as to give it any retroactive effect.

THIS was an application to the Circuit Court of Sangamon county, to make one Thomas G. Taylor a party to a judgment, in the case of Josiah Francis, sheriff of Sangamon county, for the use of Charles R. Pierce, against William Loomis and the said Thomas G. Taylor, entered at August term, 1851, of the said court, so that the judgment should be against both, &c. This application was founded upon the affidavit of Pierce, stating that his attorney in the suit against Loomis and Taylor, had released Taylor from his liability, and taken judgment against Loomis only, without his consent or knowledge, and that he remained in ignorance that the judgment had been so taken, until a short time prior to the application to correct the judgment, nor until after two executions had been returned, " no property found." The affidavit also stated that the attorney who released Taylor was unmarried, was without means, and absent from the State, and that recourse to him would be useless. A counter affidavit was filed by Taylor. Proofs were taken by the court, DAVIS, Judge, presiding, at March term, 1855; when it was ordered, all objections to the form of the remedy sought by Francis for the use of Pierce, having been waived, that the judgment of August term, 1851, be so amended (*nunc pro tunc,*) as that the name of Taylor should be inserted therein. To correct this order, Taylor sued out his writ of error and brings the case here.

LINCOLN and HERNDON, for Plaintiffs in Error.

STUART and EDWARDS, for Defendant in Error.

CATON, J. The court undoubtedly erred in rendering the summary judgment which it did, and also in entering the judgment *nunc pro tunc.* When Taylor was brought into court, he should have been ruled to plead, and thus given an opportunity of making his defence to the merits, and upon his failing to comply with such rule, he might have been defaulted, as in other cases.

Nor should the judgment in any event have had a retroactive operation. By doing so, subsequent purchasers from Taylor might be affected. The only object which we can perceive in entering the judgment, *nunc pro tunc*, was to make it a lien on Taylor's estate, from the date of the judgment against Loomis, for the purpose of cutting out intermediate purchasers and incumbrancers. That purpose was illegal and unjust as to them, for they are entitled to be protected from any embarrassment which this judgment might create, although they are not parties to this proceeding. Indeed, for that very reason, no judgment should be entered which might prejudice their rights.

The judgment is reversed and the cause remanded.

*Judgment reversed.*